**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GBFOREFRONT, L.P., | |
| Plaintiff, | Civil Action No.:  No. 2:11-cv-07732-MSG |
| -against- | |
| FOREFRONT MANAGEMENT GROUP, LLC, FOREFRONT CAPITAL MANAGEMENT, LLC, FOREFRONT CAPITAL MARKETS, LLC AND FOREFRONT ADVISORS, LLC, | |
| Defendants. | |

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO ENTER CONSENT JUDGMENT**

**PRELIMINARY STATEMENT**

The motion of Plaintiff GBForefront, LP ("Plaintiff" or "GBFF, LP") seeking entry of the Consent Judgment entered into by the parties must be denied because, as set forth in detail in the accompanying memorandum of law, this Court lacks subject matter jurisdiction over this action. At minimum, Plaintiff has never established it.  Defendants' cross-motion to vacate the Amended Judgment entered in favor of Plaintiff must, therefore, also be granted.

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
TO ENTER CONSENT JUDGMENT**

Defendants, by and through their attorneys, Ricci Tyrrell Johnson & Grey hereby oppose Plaintiff's Motion To Enter Consent Judgment and aver as follows:

1.      Admitted, except that Defendants wish to clarify the identities of the Defendants. The April 28, 2015 Judgment, pre-amendment, was entered against the following entities: Forefront Management Group, LLC, Forefront Capital Management, LLC, Forefront Capital Markets, LLC, and Forefront Advisors, LLC.

1

2.      Admitted, except that Defendants wish to clarify the identities of the entities that entered into a Forbearance and Settlement Agreement with Plaintiff.   More specifically, Forefront Management Group, LLC, Forefront Capital Management, LLC, Forefront Capital Markets, LLC, and Forefront Advisors, LLC entered into the Agreement with Plaintiff.

3.      Admitted in part; denied in part.   Paragraph 3(a), which states that the parties agreed that Forefront Capital would be removed from the Judgment, is denied.   Rather, the parties agreed that Forefront Capital Markets, LLC would be removed from the Judgment. Paragraph 3(b), which states that the parties agreed to enter into a Consent Judgment that would make Forefront Capital jointly and severally liable for $6.8 million, is denied.   Rather, the Defendants agreed, under the belief that a valid action was pending in this Court based on proper jurisdiction, that Forefront Capital Markets, LLC would be jointly and severally liable for that amount.   Defendants further deny the portion of Paragraph 3(d), which states that the Settlement Agreement provides that Plaintiff may file the Consent Judgment with the Court in the event of "any payment."

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.      Denied.   As set forth more fully in Defendants' accompanying memorandum of law dated January 22, 2016, Plaintiff is not entitled to entry of the Consent Judgment because

Plaintiff failed to satisfy its burden of demonstrating that this Court has subject matter jurisdiction over this action.

11.     Neither admit, nor deny.   Paragraph 11 purports to state a legal proposition, doctrine, theory, conclusion or rule of law.   To the extent that any factual allegations are made therein, the same are denied.

### DEFENDANTS' CROSS-MOTION TO VACATE AMENDED JUDGMENT

Defendants, by and through their attorneys, Ricci Tyrrell Johnson & Grey herein move this Honorable Court to vacate the Amended Judgment entered on May 28, 2015 and aver as follows:

12.     In its Complaint, Plaintiff alleges that this Court has subject matter jurisdiction over this lawsuit, pursuant to 28 U.S.C. §1332, because the parties involved are citizens of different states and the amount in controversy exceeds $75,000. (Declaration of Sean L. Corgan, Esq., dated January 22, 2015 ["Corgan Dec."], Ex. A ["Complaint"], ¶ 8.)

13.     Upon being retained in or about November 2015, Defendants' new counsel observed that Plaintiff failed to sufficiently plead diversity of citizenship, that the issue has not been adjudicated, and that the record supports the conclusion that diversity jurisdiction is lacking.

14.     In Paragraph 6 of the Complaint, Plaintiff identifies Forefront Management Group, LLC ("FMG") as follows: "Forefront Management Group LLC is a limited liability company registered in Delaware with its address at 590 Madison Avenue, 34th Floor, New York, New York, 10022.   Upon information and belief, none of its members are residents of Pennsylvania." (Complaint ¶ 6.)

3

15.     Plaintiff failed to identify the members of FMG in the Complaint.

16.     At the time the Complaint was filed, FMG had two managing members, David Wasitowski and Bradley Reifler.  Mr. Wasitowski is, and was at the time of the filing of the Complaint, a New Jersey citizen, with an address of 422 Union Ave, Scotch Plains, NJ 07076. Mr. Reifler is, and was at the time of the filing of the Complaint, a citizen of New York, with an address of 123 Fraleigh Hill Road, Millbrook, NY 12545.

17.     In Paragraph 5 of the Complaint, Plaintiff identifies itself as follows: "GBForefront, L.P., is a Pennsylvania limited partnership with its address in Montgomery County at 100 West Elm Street, Suite 400, Conshohocken, Pennsylvania, 19428.  Its general partner is GBForefront General LLC, a Pennsylvania limited liability company, and its limited partner is WFP2, LP, both with the same address in Conshohocken, Pennsylvania.  Warren Weiner, a resident of Montgomery County, Pennsylvania, is a member of both GBForefront General LLC and WFP2, LP." (Complaint ¶ 5.)

18.     In the Complaint, Plaintiff failed to identify all of the members of its general partner and limited partner, GBForefront General LLC and WFP2, LP, respectively.  It merely identifies Warren Weiner as being "a member" of both entities. The Inventory of Warren Weiner's assets filed by his Executrix with the Register of Wills of Montgomery County, Pennsylvania confirms that Warren Weiner owned only a 16.5% interest in WFP2, LP.  (Corgan Dec., Exhibit J at 7.)

19.     When Plaintiff was established, its Agreement of Limited Partnership dated May 12, 2010 identified Geoffrey Block as being a limited partner with a 33.33% interest in the partnership.  (Corgan Dec., Ex. F.)

20.     Public records show that at the time Plaintiff filed the Complaint, Geoffrey Block, and his wife, Kimberly Block, were citizens of the State of New Jersey, residing at 269 Terrace Road, Franklin Lakes, New Jersey 07417.

21.     The Agreement of Limited Partnership was allegedly amended on August 31, 2010 to reflect that Mr. Block purportedly transferred his interest in Plaintiff to WFP2, LP, the Plaintiff's limited partner. (Corgan Dec., Ex. G.)

22.     During the course of discovery in this action, Plaintiff identified WFP2, LP as an entity that was established for the benefit of Warren Weiner's grandchildren, which would include Geoffrey Block's children. (Corgan Dec., Ex. I.) Plaintiff failed and refused, however, to identify the members of WFP2, LP, asserting that such information is "irrelevant and immaterial to any of the issues involved in this lawsuit." (Corgan Dec., Ex. I.)

23.     The Defendants entered into a Forbearance and Settlement Agreement with Plaintiff on May 22, 2015 in connection with this action under the mistaken belief that jurisdiction existed.  Kimberly Block signed both the Settlement Agreement and a Tolling Agreement, which was attached as an exhibit to the Settlement Agreement, as the "Authorized Representative of GBForefront General, LLC, the general partner of GBForefront, L.P." (Corgan Dec., Ex. L.)

24.     Defendants made two payments to Plaintiff under the Settlement Agreement, pursuant to Plaintiff's wiring instructions, which provided that payment was to be wired to an account in the name of the Plaintiff, GBForefront, LP, to a branch of TD Bank in the State of New Jersey with an address of 805 Franklin Lakes Road, Franklin Lakes, NJ 07417. (*See* Ex. B to the Certification of Gary Lightman, Esq. dated December 18, 2015.)

25.     Goldrope Worldwide, a minority non-managing member of FMG when this action was filed, was at all relevant times organized under the laws of the British Virgin Islands and maintained an office in Aventura, Florida.

26.     Harvey Karofsky was an individual who invested with GBFF, LP and for whom GBFF, LP acted as "collateral agent" in pursuing the investment. (Complaint ¶¶ 2-4, 23 Ex C.) Mr. Karofsky is believed to have had an address at all relevant times at 701 South Olive Ave #1615 West Palm Beach, FL 33401, including when this action was filed.

27.     By letter to Plaintiff's counsel dated December 2, 2015, Defendants requested that Plaintiff identify its full company tree in order to determine whether this Court ever had subject matter jurisdiction over this lawsuit. (Corgan Dec., Ex. K.) Plaintiff completely ignored Defendants' request, and failed to provide Defendants with any additional information regarding this issue.

28.     Defendants served a subpoena *duces tecum* on the branch of TD Bank where Defendants wired the settlement payments, to obtain copies of documents in the bank's possession reflecting all payments to, and recipients of, funds drawn against Plaintiff's account since entry of the Amended Judgment. Plaintiff, however, is resisting providing such information to Defendants, and has filed a motion to quash the subpoena, which is currently pending before this Court.

WHEREFORE, Defendants, Forefront Management Group, LLC, Forefront Capital Management, LLC, Forefront Capital Markets, LLC, and Forefront Advisors, LLC respectfully request that this Court deny Plaintiff's motion to enter the Consent Judgment, grant Defendants' cross-motion to vacate the Amended Judgment, and grant Defendants such other and further relief as is just and proper.

6

Dated: January 22, 2016

Respectfully Submitted,

**RICCI TYRRELL JOHNSON & GREY**

By: /s/ *Sean L. Corgan*
  Francis J. Grey, Jr., Esquire (ID No. 56145)
  Sean L. Corgan, Esquire (ID No. 306947)
  1515 Market Street, Suite 700
  Philadelphia, PA  19102
  (215) 320-3260

**PORZIO, BROMBERG & NEWMAN, P.C.**

By: /s/ *Gary M. Fellner*
  Gary M. Fellner, Esquire (*pro hac vice*)
  156 West 56th Street, Suite 803
  New York, New York 10019
  (212) 265-6888

*Attorneys for Defendants, Forefront Management Group, LLC, Forefront Capital Management, LLC, Forefront Capital Markets, LLC, and Forefront Advisors, LLC*