**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GBFOREFRONT, L.P., <br><br> Plaintiff, <br><br> -against- <br><br> FOREFRONT MANAGEMENT GROUP, LLC, FOREFRONT CAPITAL MANAGEMENT, LLC, FOREFRONT CAPITAL MARKETS, LLC AND FOREFRONT ADVISORS, LLC, <br><br> Defendants. | Civil Action No.:  No. 2:11-cv-07732-MSG |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION TO ENTER CONSENT JUDGMENT AND IN SUPPORT OF
DEFENDANTS' CROSS-MOTION TO VACATE AMENDED JUDGMENT**

**PRELIMINARY STATEMENT**

Plaintiff GBForefront, LP ("Plaintiff" or "GBFF, LP") commenced this action four years ago based upon this Court's purported subject matter jurisdiction.  More specifically, Plaintiff alleged that complete diversity of jurisdiction exists among the limited partnership (Plaintiff) and various limited liability companies (Defendants).  But Plaintiff proceeded as if the companies named as parties were all corporations, alleging where they were formed, and where they were doing business.  Plaintiff never broke the companies down, as required, to the citizenship of their individual partners (or their partners' partners), or, in the case of LLCs, to the members (or their members' members).  Thus, Plaintiff failed to satisfy its burden of pleading, in both the complaint and amended complaint, and failed to establish, through credible evidence, that complete diversity of citizenship actually exists under 28 USC § 1332. It is settled law that this is an issue that is not waivable, and therefore, is something that is properly raised at any time. That includes now.

The evidence strongly suggests that complete diversity never existed and that Plaintiff cannot meet its burden. Plaintiff has never fully explained precisely who all of its partners and the **underlying individuals behind the entities serving as its partners** are. When Plaintiff's partners are scrutinized, it appears that Plaintiff was a citizen of the State of New Jersey or Florida for purposes of diversity. Meanwhile, David Wasitowski, a managing member of Defendant Forefront Management Group, LLC was unquestionably a citizen of New Jersey at all relevant times. Thus, diversity never existed.[1]

Prior to raising this issue with the Court, Defendants' new counsel in this action wrote to Plaintiffs' attorneys of record by letter dated December 2, 2015 and raised this pivotal issue.[2] That letter has been completely ignored. As such, Defendants are compelled to make this cross-motion and oppose all relief that Plaintiff seeks in this Court.

Similarly, inasmuch as Plaintiff ignored Defendants on this crucial issue, the undersigned issued a subpoena under Fed. R. Civ. Pro 45 to Plaintiff's bank for financial information that will no doubt shed light on who its partners are. Plaintiff has filed a motion to quash that subpoena. It claims that the information is not relevant. The motion to quash should be denied because the information is very relevant to the issue before this Court.

Since diversity jurisdiction appears by all accounts to have been lacking, Plaintiff should not be permitted to file the consent judgment dated May 2015 as it now proposes on its motion in chief against Defendant Forefront Capital Markets, LLC. In addition, the amended judgment entered in May 2015 that is **currently** of record against Defendants Forefront Management

---

[1]     Because Plaintiff has completely ignored Defendants' recent counsel in trying to get to the bottom of this question, it may be shown that Plaintiff cannot meet its burden to show complete diversity on the basis of other parties' citizenships.

[2]     *See* Accompanying Declaration of Sean Corgan, Esq., dated January 22, 2016 ("Corgan Dec."), Ex. K.

Group, LLC, Forefront Capital Management, LLC, and Forefront Advisors, LLC should be vacated, as Defendants now seek in their cross-motion.[3]

## PROCEDURAL HISTORY

On December 20, 2011, Plaintiff commenced this action against Defendant Forefront Management Group, LLC ("FMG") in the United States District Court for the Eastern District of Pennsylvania seeking to recover funds that it claimed it were owed under certain Secured Promissory Notes. (See Corgan Dec., Ex. A ["Complaint"], ¶¶ 3, 8.)   Plaintiff later filed its first amended complaint on January 10, 2014, in which it added Forefront Capital Management, LLC ("FCM"), Forefront Capital Markets, LLC ("FFCM"), and Forefront Advisors, LLC ("FFA") as additional defendants (collectively with FMG, the "Defendants").   (See Corgan Dec., Ex. B.) FMG was at all times the parent and sole member of FCM, FFCM, and FFA.

Rather than continue litigating this case and proving Defendants' meritorious counterclaims asserted against Plaintiff, along with claims filed against a third-party defendant joined in the case and related to GBFF, LP, Defendants entered into a purported settlement agreement with Plaintiff under the mistaken assumption that this Court had subject matter jurisdiction over the dispute.   It was in that context that the judgment and later the amended judgment were filed.   More particularly, on April 28, 2015, judgment in the amount of $6,800,000 was entered in Plaintiff's favor against the Defendants (the "Judgment"), based upon Plaintiff's acceptance of Defendants' offer of judgment to settle the pending lawsuit believed to have been properly filed. (See Corgan Dec., Ex. C.)

---

[3]   Respectfully, the amended judgment can be refiled if and when Plaintiff demonstrates through admissible evidence that this Court had diversity jurisdiction when suit was filed in December 2011. Until then, it should be vacated.

The parties subsequently entered into an agreement, dated May 22, 2015 (the "Agreement"), to amend the Judgment to, among other things, remove FFCM as a judgment debtor. The Agreement further provides that FFCM will be joined as a judgment debtor by way of a consent judgment, which will be held in escrow, pending a default in making the installment payments due under Agreement that ostensibly resolved the pending litigation in this court.[4]

Pursuant to the Agreement, the parties filed an amended judgment, which was entered by the Court on May 28, 2015 (the "Amended Judgment").[5] The Amended Judgment removed FFCM as a judgment debtor, leaving the three other Defendants. The parties also entered into a consent judgment, executed on May 22, 2015 (the "Consent Judgment"), which was to be and has been held in escrow by Plaintiff's counsel.[6]

Plaintiff now seeks entry of the Consent Judgment as a result of the Defendants' failure to pay the third installment due under the Agreement. The first two were paid, thinking, incorrectly, that the Court had jurisdiction over this controversy.

## STATEMENT OF FACTS

In its complaint, GBFF, LP alleged that this Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332 because the parties involved are citizens of different states and the amount in controversy exceeds $75,000. (Complaint ¶ 8.) GBFF, LP failed, however, to allege facts sufficient to establish that the parties are actually citizens of different states. For example, in Paragraph 6 of the complaint, GBFF, LP identifies FMG as follows: "Forefront Management Group LLC is a limited liability company registered in Delaware with

---

[4]    The Agreement is confidential, and therefore, neither Plaintiff nor Defendants have submitted a copy to the Court in connection with these applications. On request of the Court, however, Defendants will provide the Court with a copy of the Agreement for an *in camera* review.

[5]    Corgan Dec., Ex. D.

[6]    Corgan Dec., Ex. E.

its address at 590 Madison Avenue, 34th Floor, New York, New York, 10022.  Upon information

and belief, none of its members are residents of Pennsylvania."  (Complaint ¶ 6.)  GBFF, LP

failed, however, to identify the members of FMG.

At the time the complaint was filed, FMG had two managing members, David

Wasitowski and Bradley Reifler.  Mr. Wasitowski is, and was at the time of the filing of the

Complaint in 2011, a New Jersey citizen, with an address at 422 Union Ave, Scotch Plains, NJ

07076.  Mr. Reifler is, and was at the time of the filing of the Complaint, a citizen of New York,

with an address of 123 Fraleigh Hill Road, Millbrook, NY 12545.  Another non-managing

member of FMG was, in 2011, Goldrope Worldwide, Ltd.  That corporation was at all relevant

times organized under the laws of the British Virgin Islands, and maintained an office in

Aventura, Florida.[7]

In Paragraph 5 of the complaint, GBFF, LP identifies itself as follows: "GB Forefront,

L.P., is a Pennsylvania limited partnership with its address in Montgomery County at 100 West

Elm Street, Suite 400, Conshohocken, Pennsylvania, 19428.  Its general partner is GB Forefront

General LLC, a Pennsylvania limited liability company, and its limited partner is WFP2, LP,

both with the same address in Conshohocken, Pennsylvania.  Warren Weiner, a resident of

Montgomery County, Pennsylvania, is a member of both GBForefront General LLC and WFP2,

LP."  (Complaint ¶ 5.)[8]  Notably, GBFF, LP failed to identify **all of the partners and members**

---

[7]   Whether Plaintiff can show that the Florida address for Goldrope Worldwide was or was
not the "principal" place of business for that company must await discovery on the jurisdictional
issue, should Plaintiff wish to conduct discovery, something that arguably ought to have been
done early on.

[8]   Warren Weiner passed away February 12, 2012.  His daughter Kimberly, had married
Geoffrey Block.  Geoffrey Block was formerly employed with FMG or other affiliates in New
York, and that affiliation is what prompted his father in law (Warren Weiner) and Geoffrey
Block to form GBFF, LP in or about 2010 as an investment vehicle that ultimately did not meet

**of GBForefront General, LLC and WFP2, LP.** It merely identified Warren Weiner as being "a member" of both entities. Indeed, the Inventory of Warren Weiner's assets filed by his Executrix with the Register of Wills of Montgomery County, Pennsylvania confirms that Warren Weiner owned only a 16.5% interest in WFP2, LP. (Corgan Dec., Exhibit J at 7.)

When GBFF, LP was established in 2010, its Agreement of Limited Partnership dated May 12, 2010 identified Geoffrey Block as being a limited partner with a 33.33% interest in the partnership. (Corgan Dec., Ex. F.) Public records show that at the time GBFF, LP filed the Complaint, Geoffrey Block and his wife Kimberly were citizens of the State of New Jersey, residing at 269 Terrace Road, Franklin Lakes, New Jersey 07417. The Agreement of Limited Partnership was allegedly amended on August 31, 2010 to reflect that Mr. Block transferred his interest in GBFF, LP to WFP2, LP, the limited partner of GBFF, LP. (Corgan Dec., Ex. G.)

In discovery, GBFF, LP identified GB Forefront General, LLC as the general partner of GBFF, LP, and WFP2, LP, yet another limited partnership, as the limited partner of GBFF, LP. Plaintiff stated in discovery that WFP2, LP was an entity that was established for the benefit of Warren Weiner's grandchildren, which would include Geoffrey and Kimberly Block's children. (Corgan Dec., Ex. I, ¶¶ 3-4.) Indeed, Geoffrey Block is married to Warren Weiner's daughter, Kimberly Block. Significantly, in discovery, GBFF, LP **refused to identify the members of WFP2, LP,** asserting that such information is "irrelevant and immaterial to any of the issues involved in this lawsuit." (Corgan Dec., Ex. I, ¶ 4.)

When Defendants entered into the Agreement in May 2015 incorrectly thinking that this Court has subject matter jurisdiction and a real, pending lawsuit was being settled, Kimberly Block signed both the Agreement and the Tolling Agreement whereby enforcement of the filed

---

expectations and prompted this dispute in 2011. Notably, Geoffrey and Kimberly formerly lived in Franklin Lakes, New Jersey at all relevant times herein.

judgment would be stayed.   That Tolling Agreement was attached as an exhibit to the Agreement.   Mrs. Block signed as the "Authorized Representative of GBForefront General, LLC, the general partner of [Plaintiff]."   (Corgan Dec., Ex. L.)   Public records show that at the time the Complaint was filed in 2011, Kimberly Block (and her husband Geoffrey) was a citizen of the State of New Jersey, residing at 269 Terrace Road, Franklin Lakes, New Jersey  07417, the same state where David Wasitowski of FMG lives.

Defendants made two payments to GBFF, LP in 2015 under the mistaken belief that the Agreement was valid. In making those payments, Defendants complied with Plaintiff's wiring instructions, which provided that payment was to be wired to an account in the name of GBFF, LP at a branch of TD Bank in the State of New Jersey at 805 Franklin Lakes Road, Franklin Lakes, NJ  07417.  (See Ex. B to the Certification of Gary Lightman, Esq. dated December 18, 2015 ["Lightman Cert."].)

As stated above, Goldrope Worldwide, a minority non-managing member of FMG when this action was filed, was a BVI corporation that did business in Florida.  Harvey Karofsky was an individual who invested with GBFF, LP and for whom GBFF, LP acted as "collateral agent" in pursuing the investment.  (Complaint, ¶¶ 2-4, 23 Ex C.)  Mr. Karofsky is believed to have had an address at all relevant times at 701 South Olive Ave #1615 West Palm Beach, FL  33401, including when this action was filed.  Though Karofsky may not have been a named partner of GBFF, LP, he was a real party in interest by virtue of his investment and the fact that GBFF, LP was his collateral agent.  (Id.)

Based upon the foregoing, Defendants' new attorneys retained in this litigation at the end of 2015 requested, by letter to Plaintiff's counsel dated December 2, 2015, that GBFF, LP identify the citizens of its complete "company tree" -- down to the ultimate person after all

corporate layers are peeled -- in order to determine whether this Court ever had subject matter jurisdiction over this lawsuit.  (Corgan Dec., Ex. K.)  GBFF, LP completely ignored Defendants' request, and failed to provide Defendants with any information on this important question.  Its silence has been deafening.

Accordingly, Defendants recently served a subpoena *duces tecum* on the branch of TD Bank where Defendants had wired two installment payments to obtain copies of documents in the bank's possession reflecting all payments to, and recipients of, funds drawn against GBFF, LP's account since entry of the Amended Judgment.  Such information would enable Defendants to identify to whom the "settlement" funds had been distributed.  GBFF, LP is resisting providing any information to Defendants.  It filed a motion to quash the subpoena in its entirety, which motion is currently pending before this Court.  It made no effort whatsoever to resolve the issue without a motion.

## LEGAL ARGUMENT

### THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS ACTION BECAUSE PLAINTIFF HAS FAILED TO MEET ITS BURDEN TO ESTABLISH THAT COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES.

Diversity jurisdiction exists in a civil action between citizens of different states, or between citizens of the United States and citizens or subjects of a foreign state, when the matter in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.* only if there is no plaintiff and no defendant who are citizens of the same state."  Wis. Dep't of Corrections v. Schacht, 524 U.S. 381, 388 (1998).  A court determines whether diversity of citizenship exists by examining the citizenship of the parties at the time the action is commenced.  Grupo Dataflux v. Atlas Global Group, LP, 541

8

U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought.").

In determining the citizenship of an unincorporated association, such as a limited partnership or a limited liability company, a court will consider the citizenship of all its members and will deem the unincorporated association a citizen of every state that a member is a citizen. Carden v. Arkoma Assocs., 494 U.S. 185, 189, 192-97 (1990) (for diversity purposes, a partnership entity does not rank as a citizen; to meet the complete diversity requirement, all partners, limited as well as general, must be diverse from all parties on the opposing side); Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (holding that the citizenship of an LLC is determined by the citizenship of each of its members).

A federal court is presumed to lack subject matter jurisdiction, and the party invoking federal jurisdiction bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406 (3d Cir. 1991) ("When subject matter jurisdiction is challenged . . ., the plaintiff must bear the burden of persuasion.").  If a plaintiff sues in federal court, the plaintiff must include in the complaint "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1).

The principles of waiver, consent, and estoppel do not apply to jurisdictional issues.  See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982).  Indeed, "[t]he objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); Kontrick v. Ryan, 540 U.S. 443,

455 (2004); Fed. R. Civ. Pro. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

GBFF, LP failed to meets its burden of demonstrating that complete diversity exists in this action. The citizenship of GBFF, LP, a limited partnership, is determined by looking at the citizenship of all of its partners. See Carden, 494 U.S. at 189, 192-97. In its complaint, however, GBFF, LP failed to identify the citizenship of its apparent general and limited partner, GBForefront General, LLC and WFP2, LP. (See Corgan Dec., Ex. A ¶ 5.) Rather, it only identified the addresses of those two entities, which has no bearing on the citizenship of either entity for diversity purposes. GBFF, LP also identified Warren Weiner as being one of GBForefront General, LLC and WFP2, LP's members. (Id.) It failed, however, to identify the **remaining members** of GBForefront General, LLC and WFP2, LP, which is essential for establishing the citizenship of those entities. (Id.)

Similarly, the citizenship of FGM, a limited liability company that is the parent of the three other defendants, is determined by looking at the citizenship of all of its members. See Zambelli, 592 F.3d at 418. Plaintiff never identified any of FMG's members. (See Id. ¶ 6.) Rather, it stated that "[u]pon information and belief, none of its members are residents of Pennsylvania," the State where Warren Weiner is a citizen. (Id.) This was completely inadequate.

The very name of the Plaintiff entity, GBForefront, LP suggests that its namesake, Geoffrey Block, a citizen of the State of New Jersey when the case was filed, had at least some ownership interest in the company. He was an original limited partner of GBFF, LP. (Corgan Dec., Ex. F.) Although he allegedly transferred his some or all of his interest in GBFF, LP to

10

WFP2, LP, the limited partner of GBFF, LP, WFP2, LP was established for the benefit of his children and the late Warren Weiner's grandchildren. (Corgan Dec., Exs. G, I.)   Mr. Weiner was <u>not</u> the sole owner of WFP2, LP. (Corgan Dec., Ex. J at 7.)   Thus, the assertion stated in Plaintiff's discovery responses in this case that the partners of WFP2, LP are "not relevant" is false.   It is thus very likely that citizens of New Jersey held an interest in GBFF, LP when the suit was filed in December 2011, either directly, or derivatively through an entity ultimately established, in whole or in part, for Warren Weiner's children or grandchildren's benefit, and that complete diversity was lacking.

Additional evidence that Kimberly Block, from New Jersey, was a partner, member or real party in interest of GBFF, LP is contained in the purported "Agreement" entered into by the parties on May 22, 2015.   She signed the Agreement and a Tolling Agreement attached as an exhibit as the "Authorized Representative of GBForefront General, LLC, the general partner of [Plaintiff."] (Corgan Dec., Ex. L.)   Pursuant to GBFF, LP's directions, Defendants made two payments to GBFF, LP, under the belief that this Court had jurisdiction, to TD Bank in Franklin Lakes, New Jersey, the same town where Geoffrey and Kimberly Block resided at the time the Complaint was filed.   (<u>See</u> Lightman Cert., Ex. B.)   All signposts of GBFF, LP's ultimate beneficiaries point to New Jersey.

As stated, Florida also appears to have had commonality between Plaintiff and Defendant.   Goldrope Worldwide, Ltd., a minority, non-managing member of FMG, was a citizen of the BVI and did business in Florida.   Harold Karofsky, an investor in GBFF, LP for whom GBFF, LP acted as collateral agent, is also a resident, and presumably a citizen, of Florida. (Complaint, Ex. C.)   GBFF, LP is the Collateral Agent for the investors, and as such brought this suit on their behalf, including Mr. Karofsky. (Complaint, ¶¶ 2-4.)   Mr. Karofsky,

therefore, is a "real party in interest" in this litigation for purposes of the diversity question and his citizenship is considered when determining diversity. Navarro Savings Assn. v. Lee, 446 U.S. 458, 460 (1980) (a federal court must disregard nominal or formal parties and rest jurisdiction upon the citizenship of real parties to the controversy); Airlines Reporting Corp. v. S&N Travel, 58 F.3d 857, 862 (2d Cir. 1995) ("[plaintiff] must establish it is the real party to this controversy for the purposes of determining diversity jurisdiction").

## CONCLUSION

For the foregoing reasons, Defendants Forefront Management Group, LLC, Forefront Capital Management, LLC, Forefront Capital Markets, LLC, and Forefront Advisory, LLC respectfully request that Plaintiff GBForefront, LP's motion seeking entry of the Consent Judgment dated May 22, 2015 be denied, and that Defendants' cross-motion to vacate the Amended Judgment entered by the Court on May 28, 2015 be granted.

WHEREFORE, Defendants, Forefront Management Group, LLC, Forefront Capital Management, LLC, Forefront Capital Markets, LLC, and Forefront Advisors, LLC respectfully request that this Court deny Plaintiff's motion to enter the Consent Judgment, grant Defendants' cross-motion to vacate the Amended Judgment, and grant Defendants such other and further relief as is just and proper.

Dated:  January 22, 2016

Respectfully Submitted,

**RICCI TYRRELL JOHNSON & GREY**

By: /s/ *Sean L. Corgan*
      Francis J. Grey, Jr., Esquire (ID No. 56145)
      Sean L. Corgan, Esquire (ID No. 306947)
      1515 Market Street, Suite 700
      Philadelphia, PA  19102
      (215) 320-3260

**PORZIO, BROMBERG & NEWMAN, P.C.**

By: /s/ *Gary M. Fellner*
      Gary M. Fellner, Esquire (*pro hac vice*)
      156 West 56th Street, Suite 803
      New York, New York 10019
      (212) 265-6888

*Attorneys for Defendants, Forefront Management Group, LLC, Forefront Capital Management, LLC, Forefront Capital Markets, LLC, and Forefront Advisors, LLC*