IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GBFOREFRONT, L.P., <br><br> Plaintiff, <br><br> -against- <br><br> FOREFRONT MANAGEMENT GROUP, LLC, FOREFRONT CAPITAL MANAGEMENT, LLC, FOREFRONT CAPITAL MARKETS, LLC AND FOREFRONT ADVISORS, LLC, <br><br> Defendants. | Civil Action No.: 2:11-cv-07732-MSG |

**DEFENDANTS' POST HEARING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION SEEKING ENTRY OF CONSENT JUDGMENT AND IN FURTHER SUPPORT OF DEFENDANTS' CROSS MOTION TO VACATE THE JUDGMENTS AND TO DISMISS THE ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

RICCI TYRRELL JOHNSON & GREY
1515 MARKET STREET, SUITE 700
PHILADELPHIA, PA 19102
TEL: 215-320-3260

&

PORZIO, BROMBERG & NEWMAN, P.C.
156 WEST 56TH STREET, SUITE 803
NEW YORK, NY 10019
TEL: 212-265-6888

*Attorneys for Defendants*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL HISTORY......................................................................................................... 3

STATEMENT OF FACTS .......................................................................................................... 5

LEGAL ARGUMENT................................................................................................................. 6

    I.    THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS ACTION BECAUSE GBFF HAS FAILED TO SATISFY ITS BURDEN OF SHOWING THAT COMPLETE DIVERSITY EXISTS. ................................................ 6

    II.   SUBJECT MATTER JURISDICTION CANNOT BE WAIVED. ................................ 10

    III.  THIS COURT LACKS THE POWER TO ADJUDICATE THE ENFORCEABILITY OF THE SETTLEMENT AGREEMENT BECAUSE SUBJECT MATTER JURISDICTION NEVER EXISTED. .......................................... 11

    IV.  THIS COURT LACKS THE POWER TO TRANSFER THIS ACTION TO STATE COURT............................................................................................................. 14

CONCLUSION.......................................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

## CASES

American Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951) ................................................................10

Americold Realty Trust v. Conagra Foods, Inc., 136 S.Ct. 1012 (2016) ....................................8, 9

Anderson v. Watt, 138 U.S. 694 (1891) ..........................................................................................7

Arbaugh v. Y&H Corp., 546 U.S. 500 (2006) .................................................................................7

Aro Corp. v. Allied Witan Co., 531 F.2d 1368 (6th Cir. 1976) .....................................................13

Bradley v. Richmond School Board, 416 U. S. 696 (1974) ............................................................9

California v. LaRue, 409 U.S. 109 (1972) ....................................................................................10

Capron v. Van Noorden, 6 U.S. 126 (1804) ..................................................................................10

Carden v. Arkoma Assocs., 494 U.S. 185 (1990) ............................................................................7

Cooper-Jarrett, Inc. v. Central Transport, Inc., 726 F.2d 93 (3d Cir. 1984) (Pl.
    Brief .) .....................................................................................................................................12

Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192 (3d Cir.
    2007) ...........................................................................................................................7, 8, 9, 10

Fox v. Consolidated Rail Corp., 739 F.2d 929 (3d Cir. 1984) ................................................12, 13

Grupo Dataflux v. Atlas Global Group, LP, 541 U.S. 567 (2004) ...........................................6, 13

Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694
    (1982) ................................................................................................................................10, 12

Jeandron v. Applebaum, 1998 WL 54438 (E.D.Pa. 1998) ............................................................13

Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406 (3d Cir. 1991) .............................................6

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994) .................................................6

Kontrick v. Ryan, 540 U.S. 443 (2004) ...........................................................................................7

California v. LaRue, 409 U.S. 109 (1972) ....................................................................................10

Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379 (1884) ...........................................................7

McLaughlin v. ArcoPolymers, Inc., 721 F.2d 426 (3d Cir. 1983)...................................................14

McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936) ...............................................6

Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714 (2d Cir. 1974) ..........................11, 12

Miller v. Bohmueller, Civ. No. 03-6496 (E.D.Pa. 2003)................................................................15

Moravian Sch. Advisory Bd. v. Rawlins, 70 F.3d 270 (3d Cir. 1995) .....................................14, 15

Parks v Commonwealth, 1996 WL 479658 (E.D.Pa. 1996)...........................................................14

Wis. Dep't of Corrections v. Schacht, 524 U.S. 381 (1998) ............................................................6

Shults v. Geary, 241 A.D.2d 850 (N.Y. Sup. Ct. 3d Dep't 1997) ..................................................11

Velger v. Carr, 532 Fed. Appx. 134 (3d Cir. 2013)..........................................................................8

Vrabel v. Scholler, 85 A.2d 858 (Pa. 1952)....................................................................................11

Walker v. Bohmueller, Civ. No. 03-3750 (E.D.Pa. 2003)..............................................................15

Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412 (3d Cir. 2010) ......................................7

**STATUTES**

42 Pa. C.S.A. 5103(b) ....................................................................................................................14

28 U.S.C. §1332...............................................................................................................................5

28 U.S.C. § 1332(a) .........................................................................................................................6

28 U.S.C. § 1447(c) .......................................................................................................................14

**RULES**

Fed. R. Civ. Pro. 12(h)(3) .........................................................................................................7, 15

## PRELIMINARY STATEMENT

Plaintiff GBForefront, LP ("Plaintiff" or "GBFF, LP") commenced this action four and a half years ago and failed to properly demonstrate that complete diversity existed. It alleged, incorrectly, that there was complete diversity among the Plaintiff - a limited partnership - and Defendant Forefront Management Group, LLC, a limited liability company ("Forefront").[1] After this issue was raised by Forefront's counsel in the cross-motion to dismiss (Doc. No. 176), the issue was fully briefed, and argument was held before this Court on May 25, 2016.

In open Court, Plaintiff conceded several dispositive facts. Based on those admissions, this Court asked the parties to again brief the issue of lack of subject matter jurisdiction with Plaintiff's admissions as part of the record. This brief is submitted pursuant to that direction and responds to the arguments made in Plaintiff's brief filed June 23, 2016. (Doc. No. 191, "[Pl. Brief]"). The factual admissions Plaintiff has conceded are as follows:

- The Complaint was filed in December 2011. When the Complaint was filed, GBFF, LP consisted of one general partner and one limited partner.

- At the time the Complaint was filed, GBFF, LP's general partner was GB Forefront General, LLC.

- When the Complaint was filed, GBFF, LP's limited partner was and still is WFP2, LP.

- At the time the Complaint was filed, WFP2, LP was owned by five trusts. Each trust had one beneficiary. The beneficiaries of three of the trusts were citizens of New Jersey.

- When the Complaint was filed, David Wasitowski was a member of Forefront and was likewise a citizen of New Jersey.

---

[1] The initial defendant was Forefront Management Group, LLC. Plaintiff later joined other entities in 2014 related to that company. Because the inquiry here, as required by well-settled law, only addresses the parties at the time that the Complaint was filed on December 20, 2011, the term "Forefront" pertains to the initial defendant only rather than the additional defendants.

As such, it is undisputed that parties on both sides of the litigation were citizens of New Jersey when the Complaint was filed. The legal issue for the Court is whether the beneficiary of a trust is to be considered for diversity purposes. The answer is "yes." In its brief, Plaintiff has largely ignored the agreed facts stated on the record on May 25. Instead, Plaintiff principally argues, as it has since this fundamental issue was first raised, that Forefront waived the subject matter jurisdiction issue or ratified it based on its conduct. Settled law pronounced by the Supreme Court refutes those arguments, as Forefront cannot do anything to undo the Court's lack of subject matter jurisdiction. That includes bringing a counterclaim or entering into a settlement agreement under the mistaken belief that the Court had jurisdiction.

Accordingly, this action should be dismissed. The facts admitted on May 25 only serve to reinforce that conclusion. In the prior briefing on this issue,[2] Forefront showed that Plaintiff had not met its burden of proving that complete diversity existed. The only thing that has changed as of May 25 is that Plaintiff now admits facts that conclusively show subject matter jurisdiction was lacking. In other words, the scales tipped decidedly in Forefront's favor.

The judgment and amended judgment filed in this Court on April 28, 2015 and May 28, 2015, respectively (Doc. Nos. 161 and 168), should therefore, be vacated, and Plaintiff's motion to file the consent judgment dated May 22, 2015 against co-Defendant Forefront Capital Markets, LLC should likewise be denied. And because the Court never possessed the power to address this controversy, it lacks the power to enforce the parties' settlement agreement, which was mistakenly entered into by all parties under the erroneous belief that jurisdiction existed. The enforcement of that settlement agreement must be addressed by another court on another day.

---

[2] Defendants respectfully refer the Court to Doc. Nos. 176 and 181 where Defendants previously briefed the same issues.

**PROCEDURAL HISTORY**

On December 20, 2011, Plaintiff commenced this action against Forefront in the United States District Court for the Eastern District of Pennsylvania seeking to recover funds that it claimed were owed under Secured Promissory Notes. (See Doc. No. 1 ["Complaint"], ¶¶ 3, 8.) Plaintiff later filed its first amended complaint on January 10, 2014 (Doc. No. 80), in which it added Forefront Capital Management, LLC, Forefront Capital Markets, LLC, and Forefront Advisors, LLC as additional defendants (collectively with Forefront, the "Defendants").

Rather than continue litigating this case, Defendants entered into a purported settlement agreement with Plaintiff under all parties' mistaken assumption that this Court had subject matter jurisdiction over the dispute. It was in that context that the settlement was reached, and the judgment, and later the amended judgment, were filed. More particularly, on April 28, 2015, judgment in the amount of $6,800,000 was entered in Plaintiff's favor against the Defendants (the "Judgment"). The parties subsequently entered into an agreement, dated May 22, 2015, to amend the Judgment to, among other things, remove Forefront Capital Markets, LLC as a judgment debtor. That agreement further provides that such defendant will be joined as a judgment debtor by way of a consent judgment, which will be held in escrow, pending a default in making the installment payments purportedly due.

Plaintiff then filed the amended judgment, which was entered by the Court on May 28, 2015 (the "Amended Judgment"). (Doc. No. 168.) The Amended Judgment removed Forefront Capital Markets, LLC as a judgment-debtor, leaving the three other Defendants. The parties also entered into a consent judgment, executed on May 22, 2015 (the "Consent Judgment"), which was to be and has been held in escrow by Plaintiff's counsel.

3

On December 18, 2015, Plaintiff filed a motion seeking entry of the Consent Judgment as a result of the Defendants' failure to pay the third installment due under the settlement. (Doc. No. 169.) Defendants, after having retained the undersigned, opposed that application and timely filed a cross-motion seeking to dismiss this action and vacate the Judgment and Amended Judgment on the ground that this Court lacks subject matter jurisdiction. The evidence in Defendants' possession at that time strongly suggested that diversity of citizenship did not exist when the Complaint was filed. Plaintiff argued that jurisdiction did lie or that Forefront had somehow waived the issue. The issues were fully briefed. This Court then issued an Order on March 15, 2016 directing an evidentiary hearing to develop the record on the issue of subject matter jurisdiction. (Doc. No. 182.) The hearing was scheduled for May 25, 2016.

Prior to the hearing, the parties agreed to exchange discovery. Forefront produced all records, but Plaintiff produced nothing. Instead, Plaintiff filed a protective order motion (Doc. No. 185) claiming harassment and offering to short-cut the issue by stipulating to certain facts without affording Forefront the ability to review (or verify) the relevant evidence.

On the date of the hearing, Plaintiff, by its counsel, Gary Lightman, Esq., made various concessions on the record in response to the Court's questions regarding the citizenship of the parties at the time this action was commenced. (See May 25, 2016 transcript ["Tr."], attached to the Declaration of Sean L. Corgan, Esq. dated July 14, 2016, Ex. A). As stated above, Plaintiff conceded on May 25 that when the action was commenced, a member of Forefront, David Wasitowski, was a citizen of New Jersey, as were the three, sole beneficiaries of three trusts that held limited partnership interests in WFP2, LP (the limited partner of Plaintiff). In light of Plaintiff's concessions, the Court directed the parties to submit new briefs on the issue of whether this Court has subject matter jurisdiction over this action.

## STATEMENT OF FACTS

In its original Complaint, Plaintiff alleged that this Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332 because the parties involved are citizens of different states and the amount in controversy exceeds $75,000. (Complaint ¶ 8.) Plaintiff failed, however, to allege facts sufficient to establish that the parties are actually citizens of different states. Indeed, Plaintiff proceeded as if the companies named as parties were all corporations, alleging where they were formed, and where they were doing business. (See Complaint ¶ 5-6.) Plaintiff never broke the companies down, as required, to the citizenships of their individual partners (or their partners' partners), or, in the case of LLCs, to the members (or their members' members).

It is now undisputed that when the action was filed, Plaintiff's general partner was GBForefront General, LLC, which owned 1% of GBFF, LP (Plaintiff). (Tr. 5:4-8.) GBFF's limited partner, WFP2, LP, owned 99% of GBFF, LP. (Id.) That limited partner, WFP2, LP, in turn, had a general partner (i.e. Weiner 2 General LLC, controlled by Warren Weiner) and had five trusts serve as limited partners. Those trusts were apparently established by Warren Weiner for the benefit of each of his five grandchildren. (Id. 5:22-6:2.) Each trust, we are told through counsel, was created for each grandchild. And Plaintiff concedes (per the May 25 admissions on the record) that three of the grandchildren were citizens of New Jersey when this action commenced. (Id. 7:13-19.) Plaintiff also conceded that David Wasitowski, a member of Forefront, was also a citizen of New Jersey when the Complaint was filed.³ (Id. 8:3-9:10.)

---

³ As also made clear at argument on May 25, Plaintiff has never proven the citizenship of all parties, and thus has failed to meet its burden to show that subject matter jurisdiction existed when the Complaint was filed. For example, the identities of the trustees of the five trusts, which owned WFP2, LP, have never been proven, nor have their citizenships. As the record in this case makes clear, Plaintiff failed to comply with Forefront's discovery requests seeking such
...Continued

5

**LEGAL ARGUMENT**

I.  **THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS ACTION BECAUSE GBFF HAS FAILED TO SATISFY ITS BURDEN OF SHOWING THAT COMPLETE DIVERSITY EXISTS.**

Diversity jurisdiction exists in a civil action between citizens of different states, or between citizens of the United States and citizens or subjects of a foreign state, when the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.* only if there is no plaintiff and no defendant who are citizens of the same state." Wis. Dep't of Corrections v. Schacht, 524 U.S. 381, 388 (1998). A court determines whether diversity of citizenship exists by examining the citizenship of the parties at the time the action is commenced. Grupo Dataflux v. Atlas Global Group, LP, 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought.").

A federal court is presumed to lack subject matter jurisdiction, and the party invoking federal jurisdiction bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406 (3d Cir. 1991) ("When subject matter jurisdiction is challenged . . ., the plaintiff must bear the burden of persuasion."). Jurisdiction is conferred by congressional statute, and the statute is either complied with, or not. As a result, "[t]he objection that a federal

---

...Continued
important trust records. As such, Forefront's counsel, Gary Fellner, Esq., stated to the Court on May 25 that such relevant questions have never been answered. However, the Court directed re-briefing on this issue based upon Plaintiff's stated concessions, as such admissions, as Forefront has asserted, render the remaining factual questions academic.

court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) (granting motion to dismiss for lack for subject matter jurisdiction following jury verdict); Kontrick v. Ryan, 540 U.S. 443, 455 (2004); Anderson v. Watt, 138 U.S. 694 (1891) (dismissing matter for lack of subject matter jurisdiction although action had been commenced 5 ½ years earlier, the trial court had entered a decree ordering land be sold 4 years earlier, the sale had been made, exceptions had been filed and overruled, and the case had come to Court on appeal from order confirming the land sale); Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884) (challenge to a federal court's subject matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question sua sponte); Fed. R. Civ. Pro. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

In determining the citizenship of an unincorporated association, such as a limited partnership or a limited liability company, a court will consider the citizenship of all its members and will deem the unincorporated association a citizen of every state that a member is a citizen. Carden v. Arkoma Assocs., 494 U.S. 185, 189, 192-97 (1990) (for diversity purposes, a partnership entity does not rank as a citizen; to meet the complete diversity requirement, all partners, limited as well as general, must be diverse from all parties on the opposing side); Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (holding that the citizenship of an LLC is determined by the citizenship of each of its members).

In determining the citizenship of a trust for diversity purposes, the citizenship of both the trustee and the beneficiary control. Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 205 (3d Cir. 2007) ("[W]e reaffirm the rule that we adopted almost 30 years ago in

Riverside that the citizenship of both the trustee and the beneficiary should control in determining the citizenship of a trust."); see also Velger v. Carr, 532 Fed. Appx. 134, 135 (3d Cir. 2013). This is true regardless of the type of trust at issue. See Emerald, 492 F.3d at 199, n. 10 ("Our research . . . has not led us to conclude that the type of trust calls for a difference in treatment when determining a trust's citizenship for diversity of citizenship jurisdictional purposes.") In adopting the dual trustee-beneficiary rule, the Third Circuit explained in Emerald that this approach, among other things, "obviates the possibility of an illogical outcome under a trustee or beneficiary-only approach . . . [where] the trustee controls the trust and the beneficiary is merely passive, or vice versa." Id. at 203-04.

The Supreme Court's recent decision in Americold Realty Trust v. Conagra Foods, Inc., 136 S.Ct. 1012, 1016 (2016), in which the Court was called upon to determine the citizenship of a real estate investment trust for diversity purposes, re-affirms the principle set forth in Emerald that courts must examine the citizenship of both a trust's trustees and its beneficiaries when determining the citizenship of the trust for diversity purposes. The Supreme Court in Americold held that, in order to determine the citizenship of a real estate investment trust, all of the trust's members are to be considered. Id. In so holding, the Court expressly rejected the contention that only the trustee's citizenship is relevant. Id. at 1017. The Court explained that it is appropriate to look only at the trustee when the trustee is being sued in his or her personal name, not when the entity is being sued. Id.

In deciding whether this Court has subject matter jurisdiction over this action, the Court is required to break down the entities involved – down to their final layers – and examine the citizenships of the ultimate owners at the time the Complaint was filed. David Wasitowski, a member of Forefront, was a citizen of New Jersey when this action commenced. (Tr. 8:3-9:10.)

For Plaintiff, the relevant entities are the limited partners of Plaintiff's limited partner: the five trusts that held limited partnership interests in WFP2, LP. (Id. 5:22-6:2.) The beneficiaries of three of those trusts were also citizens of New Jersey when the action was filed.[4] (Id. 7:13-19.)

As stated, pursuant to well-settled law in this Circuit and affirmed by the Supreme Court, the citizenship of a trust's trustee and beneficiaries must be considered when determining citizenship. See Emerald, 492 F.3d at 205; Americold, 136 S.Ct. at 1016. This is not a case in which the trustee is being sued in his individual capacity. Rather, the trusts are owners of Plaintiff's limited partner, and as such, the beneficiaries' citizenships must be considered. Therefore, members on both sides of the "v" are from New Jersey, thereby destroying diversity.[5]

GBFF argues that the Supreme Court's decision in Americold should not be applied retroactively. (See Pl. Brief at 13.) However, whether this Court applies Americold retroactively or not is irrelevant because either way, the law favors Forefront. If Americold applies retroactively, which is presumed since a court is to apply the law in effect at the time of decision (see Bradley v. Richmond School Board, 416 U. S. 696 (1974)), then the citizenship of the trust beneficiaries must be considered because the Supreme Court held in Americold that courts must look to all of the trust's members for diversity purposes. Americold, 136 S.Ct. at 1016. If Americold is not applied retroactively to the time of filing of the Complaint, as GBFF argues in its brief (Pl. Brief at 13), then Emerald applies (decided in 2007, four years before the

---

[4] The record is unclear as to the citizenship of the two beneficiaries (i.e. two grandchildren) of the remaining two trusts.

[5] Plaintiff has tried to proffer two additional exhibits in support of its argument. It offered P-1, a copy of the parties' settlement agreement, at the May 25 hearing. This agreement does nothing, as it neither ratifies nor confers subject matter jurisdiction. See infra at 11. More recently, Plaintiff filed P-2 with the Court, which exhibit is one of the five trust instruments at issue, and claims through counsel that it is a representative example of the other four trust instruments. We filed an objection to P-2, by letter dated June 17, 2016, as providing snippets of the relevant evidence is inappropriate.

Complaint was filed) as the controlling authority on the issue. In Emerald, the Third Circuit held that the citizenship of both the trustees and beneficiaries control in determining the citizenship of any kind of trust. Emerald, 492 F.3d at 205. Plaintiff's argument that Emerald applies only to business trusts (Pl. Brief at 8) and not to inter vivos trusts is baseless. The Third Circuit made it perfectly clear in Emerald that the dual trustee-beneficiary rule applies to inter vivos trusts, as we have here; testamentary trusts, which Plaintiff mistakenly says we have here; and business trusts.

## II.    SUBJECT MATTER JURISDICTION CANNOT BE WAIVED.

GBFF next argues that Forefront has waived its right to raise the jurisdictional argument. (Pl. Brief at 10.) However, principles of waiver, consent, and estoppel do not apply to subject matter jurisdiction. See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982). The Supreme Court held in Ireland that with respect to subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, *and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.*" Id. (emphasis added) (internal citations omitted); see also California v. LaRue, 409 U.S. 109 (1972) (parties cannot stipulate to subject matter jurisdiction); American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17–18 (1951); Capron v. Van Noorden, 6 U.S. 126 (1804) (plaintiff who commenced action in federal court not estopped from raising lack of diversity jurisdiction for the first time before the Supreme Court).

Thus, Plaintiff's argument that judicial estoppel bars defendants from asserting lack of subject matter jurisdiction fails. The fact that Defendants first raised this jurisdictional deficiency four years after this lawsuit was commenced and after having already pled, incorrectly, that jurisdiction existed, is irrelevant. Subject matter jurisdiction is not waivable. For the first four years of this litigation, Defendants unfortunately had prior counsel who

incorrectly relied upon Plaintiff's pleaded assertions that subject matter jurisdiction existed. It was not until Defendants (who are not lawyers) retained new counsel in late 2015 that they learned that Plaintiff never properly pled jurisdiction, or met its burden on this fundamental issue. Now that it has come to light, Plaintiff would ask this Court to forgive it for having improperly invoked the Court's jurisdiction and to shift blame to Defendants. Plaintiff's argument is unavailing and insupportable under settled law.

### III.  THIS COURT LACKS THE POWER TO ADJUDICATE THE ENFORCEABILITY OF THE SETTLEMENT AGREEMENT BECAUSE SUBJECT MATTER JURISDICTION NEVER EXISTED.

Plaintiff next argues that even if this Court lacked subject matter jurisdiction, the Court should still rule that the parties' settlement agreement be enforced. (Pl. Brief at 4.) Respectfully, the Court lacks the power to do so. Defendants are not asking this Court to overturn the settlement agreement. That is an issue for another day in another court. What Defendants *are* asking this Court to do, however, is to vacate the Judgment and the Amended Judgment and to dismiss the case. The case should be closed.[6] GBFF argues, however, that the settlement agreement should be enforced by this Court even if subject matter jurisdiction is lacking. (Pl. Brief at 5.) That argument fails. Lack of subject matter jurisdiction means that the Court lacks the authority to adjudicate any dispute between the parties.

The case law Plaintiff cites in its brief does not support its position. For example, in Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714 (2d Cir. 1974), the "seminal" case

---

[6] If this dispute does eventually land in another court, Defendants will address GBFF's erroneous position that the settlement agreement is enforceable. It is not. E.g., Vrabel v. Scholler, 85 A.2d 858, 860 (Pa. 1952) (contract rescinded where entered into upon a "mutual mistake as to an essential fact which formed the inducement" to the contract); Shults v. Geary, 241 A.D.2d 850, 852 (N.Y. Sup. Ct. 3d Dep't 1997) (contract voidable if both parties entered contract under substantial mutual mistake of fact that existed at time contract was entered into).

11

Plaintiff cites (Pl. Brief at 6), the parties entered into a settlement agreement and the defendant later sought to have the matter dismissed for lack of **personal** jurisdiction. The Court held that in entering the settlement agreement, the defendant had consented to personal jurisdiction, and therefore, upheld the agreement. Id. at 717. Personal jurisdiction and subject matter jurisdiction are completely different concepts. While a party can consent to personal jurisdiction, it cannot, under any circumstances, consent to subject matter jurisdiction. Ireland, 456 U.S. at 702.

Plaintiff also relies upon Cooper-Jarrett, Inc. v. Central Transport, Inc., 726 F.2d 93 (3d Cir. 1984). (Pl. Brief at 6.) That case is also inapposite. There, the Third Circuit held that the district court's exercise of jurisdiction to enforce a settlement agreement entered into by the parties was proper even though the bankruptcy court was also an appropriate forum to resolve the dispute. Id. at 96. Thus, while both the district court and the bankruptcy court had co-jurisdiction over the matter, the district court was better suited to resolve the dispute over the settlement agreement because it was entered into in connection with the district court action. This case is markedly different. This Court does not have and never had subject matter jurisdiction over this action. It therefore lacks authority to determine any questions, including whether the settlement should or should not be enforced.

Similarly, Plaintiff relies upon Fox v. Consolidated Rail Corp., 739 F.2d 929 (3d Cir. 1984) for the proposition that a "federal court has the power to enforce settlement agreements in cases originally filed therein, without inquiring into, or requiring, an independent basis of subject matter jurisdiction for the enforcement/challenge suit." 739 F.2d at 932.[7] (Pl. Brief at 6.) That

---

[7] As the court in Fox made abundantly clear, that issue was not "the question presented." Fox, 739 F.2d at 932. Rather, in Fox, the Court was asked to determine whether federal courts have authority to reopen, by collateral means, private law suits brought and settled in the state courts. Id. The court held they do not have such authority. Id.

12

statement, however, is taken out of context. The quoted sentence is derived from a Sixth Circuit case, Aro Corp. v. Allied Witan Co., 531 F.2d 1368 (6th Cir. 1976), in which the Sixth Circuit held that it had the authority to determine the enforceability of a settlement agreement, even though diversity of citizenship was lacking over the enforcement action, *because it had jurisdiction over the underlying patent dispute.* Id. at 1371 (emphasis added). Fox and Aro make it clear that to enforce a settlement agreement, a court must have had *some* basis for federal court jurisdiction over the underlying action. See Fox, 739 F.2d at 932; Aro Corp., 531 F.2d at 1371. Plaintiff misstates the law.

Plaintiff also argues that this Court should enforce the settlement agreement because diversity of citizenship currently exists – now, in 2016 - between the parties, and therefore, the Court has a new, independent basis of subject matter jurisdiction to determine whether the settlement agreement is enforceable. (Pl. Brief at 5.) Plaintiff, however, overlooks the age old rule that subject matter jurisdiction is determined at the time the complaint was filed. Grupo Dataflux, 541 U.S. at 571. Justice Scalia said it best in Grupo that the:

> "time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing."

Id. at 570-71. Plaintiff's request that the Court examine the parties' citizenships today, four and a half years after the Complaint was filed, is at odds with well-settled law from the Supreme Court.

Plaintiff also suggests that a federal court has jurisdiction over an enforcement suit, if Plaintiff can demonstrate an independent basis of jurisdiction over the enforcement action. (Pl. Brief at 5.) Once again Plaintiff overlooks the fact that the court must have had jurisdiction over the original action. See Jeandron v. Applebaum, 1998 WL 54438, at *2 (E.D. Pa. 1998) (court

13

considers whether jurisdiction exists to enforce settlement agreement, where it had jurisdiction over underlying suit); Parks v Commonwealth, 1996 WL 479658, at *1 (E.D. Pa. 1996) (same).

## IV.   THIS COURT LACKS THE POWER TO TRANSFER THIS ACTION TO STATE COURT.

Finally, Plaintiff argues in the alternative that the action should be transferred to state court. (Pl. Brief at 14.) GBFF relies upon 42 Pa. C.S.A. 5103(b), which provides:

> Where any matter is filed in any United State court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, **any litigant** in the matter filed may transfer the matter to a court or magisterial district in this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

42 Pa. C.S.A. 5103(b) (emphasis added).

Under this statute, it is incumbent upon GBFF, **the litigant**, not the Court, to "transfer the matter." Since this Court lacks subject matter jurisdiction, the required next step is to vacate the prior judgments entered against Defendants and dismiss the case. That is all that can be done. Defendants never removed the action to this Court, so there is no authority to remand the case to state court under 28 U.S.C. § 1447(c) or otherwise.

Contrary to GBFF's contention, McLaughlin v. ArcoPolymers, Inc., 721 F.2d 426 (3d Cir. 1983), does not stand for the proposition that this Court has the power to transfer the action to Pennsylvania state court. (Pl. Brief at 15.) The Third Circuit ruled there, as Forefront requests, that the matter be dismissed and that it is incumbent upon the plaintiff to effectuate a transfer to state court. Id. at 431 ("We will remand this action to the district court with directions that it dismiss the action so that plaintiff, pursuant to ... Pennsylvania statute ..., can transfer this matter by her own action to the Court of Common Pleas ....") Similarly, Moravian Sch. Advisory Bd. v. Rawlins, 70 F.3d 270 (3d Cir. 1995), another case Plaintiff cites (Pl. Brief at

14


15), does not support its argument that the Court has the power to transfer this action to state court. The Third Circuit there held that the district court erred by transferring the cases to the territorial court and that the district court was compelled by Rule 12(h)(3) to dismiss both actions. Id. at 291-92; Fed. R. Civ. P. 12(h)(3). Moreover, Plaintiff's citations in its brief (Pl. Brief at 15) to Walker v. Bohmueller, Civ. No. 03-3750 (E.D.Pa. 2003) and Miller v. Bohmueller, Civ. No. 03-6496 (E.D.Pa. 2003) are confounding, as a review of the dockets for those unreported cases suggests that subject matter jurisdiction was never challenged in either case and that both cases were ultimately dismissed.

## **CONCLUSION**

Forefront recognizes that undoing the time and effort of many, including the court, is inefficient and runs counter to one's impulse to uphold that which has been already done. But the law compels the result of dismissal and vacatur under these facts. Accordingly, Defendants Forefront Management Group, LLC, Forefront Capital Management, LLC, Forefront Capital Markets, LLC, and Forefront Advisors, LLC request that Plaintiff GBForefront, LP's motion seeking entry of the May 22, 2015 Consent Judgment be denied. Defendants further request that their cross-motion to vacate the April 28, 2015 Judgment and the May 28, 2015 Amended Judgment be granted and that the action be dismissed for lack of subject matter jurisdiction.

**RICCI TYRRELL JOHNSON & GREY**

By: /s/ *Sean L. Corgan*
    Francis J. Grey, Jr., Esquire (ID No. 56145)
    Sean L. Corgan, Esquire (ID No. 306947)
    1515 Market Street, Suite 700
    Philadelphia, PA 19102
    (215) 320-3260

**PORZIO, BROMBERG & NEWMAN, P.C.**

By: /s/ *Gary M. Fellner*
    Gary M. Fellner, Esquire (*pro hac vice*)
    156 West 56th Street, Suite 803
    New York, New York 10019
    (212) 265-6888

*Attorneys for Defendants, Forefront Management Group, LLC, Forefront Capital Management, LLC, Forefront Capital Markets, LLC, and Forefront Advisors, LLC*

Dated: July 14, 2016
---

(Correcting: "156 West 56th Street, Suite 803")

**RICCI TYRRELL JOHNSON & GREY**

By: /s/ *Sean L. Corgan*
    Francis J. Grey, Jr., Esquire (ID No. 56145)
    Sean L. Corgan, Esquire (ID No. 306947)
    1515 Market Street, Suite 700
    Philadelphia, PA  19102
    (215) 320-3260

**PORZIO, BROMBERG & NEWMAN, P.C.**

By: /s/ *Gary M. Fellner*
    Gary M. Fellner, Esquire (*pro hac vice*)
    156 West 56th Street, Suite 803
    New York, New York 10019
    (212) 265-6888

*Attorneys for Defendants, Forefront Management Group, LLC, Forefront Capital Management, LLC, Forefront Capital Markets, LLC, and Forefront Advisors, LLC*

Dated: July 14, 2016